COPE, J.
(specially concurring).
I entirely agree with reversing the order and remanding for consideration of the motion filed by defendant-appellant Rosa Torrealba. The motion is entitled a “Motion for Mitigation and Reduction of Sentence,” and states that it is filed “pursuant to 3.800(c) of the Florida Rules of Criminal Procedure.... ” Under Rule 3.800(c) a defendant only has sixty days to file a motion to mitigate. While such motions rarely succeed, the defendant is entitled to have the trial court give it fair consideration as a motion under Rule 3.800(c).
■ I respectfully disagree with that portion of the majority ■ opinion which states that this motion was a hybrid filed under both *409 Rule 3.800(c) and Rule 3.850. This is not a case of mislabeling by the defendant.
It is true that in her motion to mitigate, the defendant claims that her counsel did a poor job of defending her. In reading the motion, it is clear that she is simply offering this as one of several reasons why her sentence should be reduced. The only relief requested by the motion is reduction of sentence. She does not request a new trial on account of ineffective assistance of counsel.
I make these points because under Florida Rule of Criminal Procedure 3.850, successive Rule 3.850 motions are generally forbidden. See Fla. R.Crim. P. 3.850(f). By characterizing the defendant’s motion as a hybrid which included a 3.850 motion, the majority has inadvertently created a situation in which any later-filed Rule 3.850 motion may be characterized by the State as impermissibly successive.
In sum, I concur in reversing and remanding for further consideration of the Rule 3.800(c) motion to mitigate sentence. I respectfully disagree with the majority opinion insofar as it characterizes the motion as also being a Rule 3.850 motion.